IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


SCOTT W. LANIG,                              3:11-CV-06021-BR

       Plaintiff,

                                        OPINION AND ORDER

v.

LANE COUNTY SHERIFF'S
DEPARTMENT and LANE COUNTY
DEPUTY SHERIFF ANDERSON,

       Defendants.


**SCOTT W LANIG**
# 6123190
Shutter Creek Correctional Institution
95200 Shutters Landing Lane
North Bend, OR 97459-0303

       Plaintiff, *Pro Se*

**STEPHEN VORHEES**
Acting Lane County Counsel
**PIERRE L. ROBERT**
Assistant County Counsel
125 E. Eighth Avenue
Eugene, OR 97401
(541) 682-3728

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#15) to Dismiss Complaint, Plaintiff's Motion (#25) to Compel, and Plaintiff's Motion (#32) to Suspend Proceedings.  For the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss Complaint, **DENIES** Plaintiff's Motion to Compel, and **DENIES as moot** Plaintiff's Motion to Suspend Proceedings.

### BACKGROUND

Plaintiff Scott W. Lanig brings this action pursuant to 42 U.S.C. § 1983 on the ground that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff alleges on October 21, 2010, while he was incarcerated in the Lane County Jail he was assaulted by Lane County Deputy Sheriff Anderson.

On April 20, 2011, Defendants filed a Motion to Dismiss Plaintiff's Complaint on the ground that Plaintiff failed to exhaust his administrative remedies.  With respect to exhaustion of administrative grievance procedures, however, Plaintiff alleges in his Complaint that he "made requests to use Law Library to file grievance but was sentenced to state time and was transported out on Tuesday the 26th to D.O.C. custody at Coffee Creek Corrections Facility."

On June 15, 2011, Plaintiff filed a Motion to Compel.

2 - OPINION AND ORDER

On June 23, 2011, the Court entered an Order holding Plaintiff's Motion to Compel in abeyance until the Court resolved Defendants' Motion to Dismiss.

On July 7, 2011, Plaintiff filed a Motion to Suspend Proceedings.

**PLAINTIFF'S MOTION TO SUSPEND PROCEEDINGS**

In his Motion to Suspend Proceedings, Plaintiff, in effect, sought an additional 60 days to allow him "to gather, and or receive, the necessary documents to prove beyond reasonable doubt" that he exhausted the administrative remedies that were available to him.

Defendants note Plaintiff's request was not timely filed pursuant to Federal Rule of Civil Procedure 6(b)(1) and that Plaintiff does not provide any basis to find excusable neglect. The Court agrees.

In addition, Plaintiff does not provide any explanation as to why he would have been more likely to receive the allegedly necessary documents in 60 additional days than he has been since the commencement of this action.  In fact, even though 60 days have passed since Plaintiff filed his Motion, Plaintiff has not filed any additional documents or briefing in support of his claim of exhaustion.

On this record the Court **DENIES as moot** Plaintiff's request to suspend proceedings.

**DEFENDANTS' MOTION TO DISMISS**

**I.    Standards**

In the Ninth Circuit failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  To decide a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.

Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits.  *Id.* "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."  *Id.* at 1120.

**II.    Discussion**

    **A.    Prison Litigation Reform Act (PLRA) Exhaustion Requirement**

As noted, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person

4 - OPINION AND ORDER

>     within the jurisdiction thereof to the deprivation
>     of any rights, privileges, or immunities secured
>     by the Constitution and laws, shall be liable to
>     the party injured in an action at law.

Section 1983 creates a private right of action against persons who, acting under color of state law, violate federal constitutional or statutory rights.  *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir. 2001).  The PLRA was amended to provide "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandated regardless of the relief offered through the prison administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819, 1825 (2001).

      The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Moreover, the Supreme Court held in *Booth* that prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."  532 U.S. at 739-41.  Accordingly, the Ninth Circuit has held "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action

5 - OPINION AND ORDER

can be ordered in response to the complaint." *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005)(emphasis in original). Even if the relief the prisoner receives is nothing more than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," it is sufficient relief for an inmate to continue with the administrative process. *Id*. at 936 (quoting *Porter*, 534 U.S. at 525).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(e) is an affirmative defense. *Wyatt*, 280 F.3d at 1245. "[D]efendants have the burden of raising and proving the absence of exhaustion." *Id.* at 1120.

> Relevant evidence in so demonstrating would include . . . regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case.

*Brown*, 422 F.3d at 937. As noted, if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

    **B.**   **Analysis**

Defendants assert it is clear from the face of Plaintiff's Complaint that he failed to exhaust the administrative grievance procedure. As noted, Plaintiff alleges in his Complaint that he "made requests to use Law Library to

6 - OPINION AND ORDER

file grievance," but he was transferred either before he received the grievance forms or before he had a chance to submit the forms.[1]  In any event, transfer to another institution does not excuse the exhaustion requirement.  *See, e.g., Strickland v. Gordon,* Civil No. 07-748-HO, 2008 WL 3285844, at *1 (D. Or. Aug. 6, 2008)(the plaintiff's transfer to a different facility did not excuse the exhaustion requirement of the PLRA); *Frost v. Banks*, No. SACV 09-591-DSF (RNB), 2010 WL 1839745, at *9 (C.D. Cal. Jan. 14, 2010)("the Court rejects plaintiff's contention . . . that by reason of his transfer to a CCC, he no longer is able to pursue administrative remedies (and therefore presumably should be excused from the exhaustion requirement). . . .  [A]n inmate's placement in a CCC merely excuses the requirement that he first attempt informal resolution prior to the submission of an appeal to the Regional Director or the General Counsel."); *Parmer v. Idaho Correctional Corp*., No. CV 08-46-S-BLW, 2009 WL 735646, at *4 (D. Idaho Mar. 19, 2009)(the plaintiff's transfer to a different facility did not excuse him from exhausting his administrative remedies under the PLRA).

The Court concludes Plaintiff did not exhaust his administrative remedies, and Plaintiff's transfer to a different

---

[1] Plaintiff does not make clear in his Complaint whether he was transferred before he requested the grievance forms or whether he requested the forms and then was transferred before he received them.

7 - OPINION AND ORDER

facility did not excuse the exhaustion requirement of the PLRA. Accordingly, the Court grants Defendants' Motion to Dismiss for failure to exhaust administrative remedies.

**III. Leave to Amend Complaint**

In his Response to Defendants' Motion to Dismiss, Plaintiff asserts he made "vocal and written request[s] to speak to a supervisor," which were "denied or ignored." Plaintiff also states he requested to speak to a supervisor and was ignored.

> [S]ome courts have deemed an administrative remedy to be unavailable where prison officials have refused to provide grievance forms or have otherwise prevented the prisoner from pursuing a potential remedy. *See, e.g., Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). For instance, in *Dale v. Lappin*, the prisoner alleged that he had requested grievance forms several times at two different facilities, but he was never given the proper forms to submit. 376 F.3d at 655-56. He set forth in detail the precise steps he took, and he identified the employees from whom he requested the forms: his counselor, his case manager, the on-duty floor officer, and members of his unit team. *Id*. at 656. He also identified "the specific form he requested, the BP-8, which is the first form the Bureau of Prisons requires inmates to complete in order to submit a grievance." *Id*. The Seventh Circuit concluded that in the face of these specific allegations, the defendants had failed to carry their burden to prove that remedies were available.

*Gomez v. Swanson*, No. 1:06-CV-01303 BLW, 2009 WL 1085274, at *3 (E.D. Cal. Apr. 22, 2009). It is clear from his Complaint that Plaintiff did not exhaust his administrative remedies.

8 - OPINION AND ORDER

Plaintiff, however, alleges for the first time in his Response that prison officials refused to provide him with grievance forms or otherwise prevented him from pursuing potential administrative remedies.  The Court, therefore, grants Plaintiff leave to file an amended complaint to assert the allegations he states in his Response with respect to his efforts to exhaust his administrative remedies and the results of those efforts.

## PLAINTIFF'S MOTION TO COMPEL

In his Motion to Compel Plaintiff seeks various documents and information from Defendants.

Defendants assert in their Response that they were never served with a copy of Plaintiff's Motion.  Plaintiff's Motion does not, in fact, include a certificate of service establishing the Motion was served on Defendants on a particular date or in the proper manner nor does Plaintiff allege a date or time-frame for service in his Motion.

Accordingly, the Court **DENIES** Plaintiff's Motion to Compel.

## CONCLUSION

For these reasons, the Court **DENIES as moot** Plaintiff's Motion (#32) to Suspend Proceedings, **DENIES** Plaintiff's Motion (#25) to Compel, and **GRANTS** Defendants' Motion (#15) to Dismiss Complaint.

9 - OPINION AND ORDER

Plaintiff may file an amended complaint to cure the deficiencies noted above **no later than October 24, 2011.** The Court advises Plaintiff that failure to file an amended complaint by October 24, 2011, shall result in the dismissal of this proceeding without prejudice for failure to exhaust administrative.

IT IS SO ORDERED.

DATED this 3rd day of October, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge